With the OCC's blessing, Plaintiffs organized Wachovia Mortgage as a state-chartered corporation, and Plaintiffs have represented to customers and regulators that Wachovia Mortgage is a separate legal entity. As indicated by 12 C.F.R. § 5.34(e), Wachovia Bank could have forgone the option of establishing a separate operating subsidiary and, instead, could have conducted all of Wachovia's mortgage lending activities directly under its charter as a national bank. Having chosen to take advantage of the legal privileges and protections provided to Wachovia Mortgage by its state corporate charter, Plaintiffs are in no position—even with the OCC's encouragement—to disregard the corresponding state-law duties that attach to Wachovia Mortgage by virtue of that charter. *See, Walker Bank,* 385 U.S. at 261 (admonishing the Comptroller of Currency that he may not "pick and choose what portion of the law binds him").

The OCC's claim of exclusive visitorial powers over operating subsidiaries would significantly undermine the historic primacy of the states in matters of corporate governance. Under the OCC's view, the states would be deprived of authority to license, examine and regulate state-chartered corporations that are controlled by national banks. In practical effect, the OCC's position would "federalize" state-chartered subsidiaries by placing them under the OCC's sole and exclusive supervisory control. This "interpretation" of the OCC's scope of authority over operating subsidiaries is indefensible. The federal government intrudes upon the states' sovereign powers and exceeds the boundaries of its own authority under the Tenth Amendment when it attempts to convert state-chartered corporations into creatures of federal law without the

permission of the chartering states.[34] In a comparable case, the Supreme Court refused to give deference to a federal agency's interpretation of federal law, because the agency's position would have created "significant constitutional and federalism questions" by "permitting federal encroachment upon a traditional state power" without any "clear indication that Congress intended that result." *Solid Waste Agency of Northern Cook County v. U.S. Army Corp. of Engineers,* 531 U.S. 159, 174, 172 (2001).

As shown above, there is *no* "clear indication" of congressional support for the OCC's radical attempt to override the states' traditional authority to license and regulate state-chartered corporations, regardless of the identity of their controlling shareholders. *See CTS Corp.,* 481 U.S. at 91 (declaring that it is "an accepted part of the business landscape in this country for States to create corporations, to prescribe their powers, and to define the rights that are acquired by purchasing their shares"). Accordingly, the OCC's claim of preemptive supervisory power over state-chartered operating subsidiaries is not entitled to judicial deference under the reasoning of *Solid Waste Agency, supra.*

---

[34] *Hopkins Federal Savings & Loan Ass'n v. Cleary,* 296 U.S. 315 (1935) (holding that Section 5(i) of HOLA violated the Tenth Amendment, because it permitted state-chartered savings institutions to convert to federal charters without state permission); *Chicago Title & Trust Co. v. 4136 Wilcox Bldg. Corp.,* 302 U.S. 120 (1937) (holding that Section 77B of the federal Bankruptcy Act did not authorize the filing of a bankruptcy petition on behalf of a corporation whose charter had expired under state law, because any such filing would create "an intrusion by the Federal Government on the powers of the State" and would create serious problems under the Tenth Amendment as construed in *Hopkins*).

## **CONCLUSION**

For the reasons stated above, this Court should deny Plaintiffs' Motion for Summary Judgment and should grant summary judgment in favor of Defendant.

                                            Respectfully submitted,

| | |
|---|---|
| Bill Pryor<br>Attorney General<br>Alabama | Mike Hatch<br>Attorney General<br>Minnesota |
| Gregg D. Renkes<br>Attorney General<br>Alaska | Mike Moore<br>Attorney General<br>Mississippi |
| Terry Goddard<br>Attorney General<br>Arizona | Mike McGrath<br>Attorney General<br>Montana |
| Ken Salazar<br>Attorney General<br>Colorado | Brian Sandoval<br>Attorney General<br>Nevada |
| M. Jane Brady<br>Attorney General<br>Delaware | Peter W. Heed<br>Attorney General<br>New Hampshire |
| Charles J. Crist, Jr.<br>Attorney General<br>Florida | Peter C. Harvey<br>Attorney General<br>New Jersey |
| Mark W. Bennett<br>Attorney General<br>Hawaii | Patricia A. Madrid<br>Attorney General<br>New Mexico |
| Lawrence G. Wasden<br>Attorney General<br>Idaho | Eliot Spitzer<br>Attorney General<br>New York |

34

Lisa Madigan
Attorney General
Illinois

Steve Carter
Attorney General
Indiana

Tom Miller
Attorney General
Iowa

Phill Kline
Attorney General
Kansas

Albert B. Chandler, III
Attorney General
By: Todd Leatherman
Ass't Attorney General
Kentucky

Richard P. Ieyoub
Attorney General
Louisiana

G. Steven Rowe
Attorney General
Maine

J. Joseph Curran, Jr.
Attorney General
Maryland

Thomas F. Reilly
Attorney General
Massachusetts

Wayne Stenehjem
Attorney General
North Dakota

Jim Petro
Attorney General
Ohio

W.A. Drew Edmondson
Attorney General
Oklahoma

Henry D. McMaster
Attorney General
South Carolina

Lawrence E. Long
Attorney General
South Dakota

William H. Sorrell
Attorney General
Vermont

Christine O. Gregoire
Attorney General
Washington

Darrell V. McGraw, Jr.
Attorney General
West Virginia

Peggy A. Lautenschlager
Attorney General
Wisconsin

Patrick J. Crank
Attorney General
Wyoming

and

35

OF COUNSEL:

Arthur E. Wilmarth, Jr.
D.C. Bar No. 225474
Professor of Law
George Washington University
Law School
720 - 20th Street, N.W.
Washington, DC 20052
Telephone: (202) 994-6386
Fax: (202) 994-9446

Margaret E. Haering  CT10818
HURWITZ & SAGARIN, LLC
147 North Broad Street
Milford, CT  06460
Telephone: (203) 877-8000
Facsimile:  (203) 878-9800

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, first class mail on August 26, 2003 to:

Douglas B. Jordan
Senior Counsel
Office of the Comptroller of the Currency
250 E. Street, S.W.
Washington, DC  20219

Mark F. Kohler
Assistant Attorney General
State of Connecticut
55 Elm Street
P.O. Box 120
Hartford, CT  06106

Daniel L. FitzMaurice
Jason S. Weathers
Day Berry & Howard LLP
City Place I
Hartford, CT  06103

Margaret E. Haering